UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――

MICHAEL GRESHAM et al.,

                Plaintiff,              Case No. 1:16-cv-1402

v.                                      Honorable Paul L. Maloney

WILLIE SMITH et al.,

                Defendants.
_____/

## OPINION

Plaintiff Michael Gresham, together with 18 other prisoners from multiple prisons, have filed a complaint pursuant to 42 U.S.C. § 1983 against many dozens of Defendants.  Plaintiff Gresham has sought leave to proceed *in forma pauperis* in compliance with 28 U.S.C. 1915(a).  Ordinarily, where there are multiple plaintiffs, each plaintiff is proportionately liable for any filing fees or costs.  *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997).  However, Plaintiff Gresham, who describes himself as "lead plaintiff" (ECF No. 1, PageID.3), is subject to filing restrictions in this Court, imposed upon him by Judge Janet T. Neff of this Court, as the result of his prior abusive filings.  *See Gresham et al. v. Washington et al.*, No. 1:15-cv-1067 (W.D. Mich. Jan. 6, 2016) (Op. & Order) (No. 1:15cv1067, ECF Nos. 8, 10, PageID.152-155, 158).  In her order, Judge Neff precluded Plaintiff from filing future actions in this Court that raised claims arising out of more than a single action or event, barred Plaintiff from filing jointly with another prisoner, barred Plaintiff from joining any other action, and barred Plaintiff from filing a complaint exceeding ten

pages in length. Plaintiff was advised that any violation of these restrictions would result in dismissal of his case. (*Id.*)

In the instant wide-ranging, 130-page complaint, Plaintiff Gresham has violated all of the restrictions set forth in the January 6, 2016 order in Case No. 1:15-cv-1067. Therefore, because no other Plaintiff was properly joined in the action, Plaintiff Gresham will be held solely responsible for the $400.00 civil action filing fee. In addition, because Plaintiff Gresham has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court therefore will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis*. The Court also will dismiss Plaintiff Gresham's complaint as a violation of the Court's earlier order. Plaintiff Gresham will continue to be responsible for payment of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002). Finally, because the claims of the remaining Plaintiffs are misjoined, the Court will dismissed them from this action without prejudice.

## Discussion

### I. Application of Three-Strikes Rule

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d

1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

- 3 -

Plaintiff Gresham has been an active litigant in the federal courts in Michigan. In eight of his cases, all of his claims were dismissed because they were frivolous, malicious or failed to state a claim. *See Gresham v. Caruso et al.*, No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham et al. v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Paine et al.*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso et al.*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Wolak et al.*, No. 2:10-cv- 239 (W.D. Mich. July 25, 2011); *Gresham v. Verville et al.*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Caruso et al.*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Mich. Dep't of Corr. et al.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008). Plaintiff also has been denied leave to proceed *in forma pauperis* in numerous cases. *See Gresham v. Miniard et al.*, No. 1:16-cv-427 (W.D. Mich. June 7, 2016); *Gresham v. Christiansen et al.*, No. 1:16-cv-428 (W.D. Mich. May 13, 2016); *Gresham v. Austin et al.*, 2:16-cv-71 (W.D. Mich. May 2, 2016); *Gresham et al. v. Yunker et al.*, No. 2:13-cv-221 (W.D. Mich. Aug. 29, 2013); *Gresham v. Nader et al.*, 2:13-cv-212 (W.D. Mich. July 22, 2013); *Gresham et al. v. Napel et al.*, No. 2:13-cv-176 (W.D. Mich. June 12, 2013); *Gresham v. Prelesnik et al.*, No. 1:12-cv-276 (W.D. Mich. July 2, 2012); *Gresham v. Czop et al.*, No. 1:12-cv-494 (W.D. Mich. June 18, 2012); *Gresham v. Heyns et al.*, No. 1:12-cv-277 (W.D. Mich. Apr. 11, 2012); *Gresham v. Snyder et al.*, No. 1:12-cv-143 (W.D. Mich. Mar. 6, 2012); *Gresham v. Mutschler et al.*, No. 2:12-cv-12 (W.D. Mich. Apr. 20, 2012); *Gresham v. Snyder et al.*, No. 2:12-cv-22 (W.D. Mich. Mar. 30, 2012); *Gresham v. Mutschler et al.*, No. 2:12-cv-9 (W.D. Mich. Feb. 10, 2012); *Gresham v. Snyder et al.*, No. 2:12-cv-5 (W.D. Mich. Jan. 27, 2012); *Gresham v. Violetta et al.*, No. 2:12-cv-24 (W.D. Mich. Feb. 6, 2012); *Gresham v. Dahl et al.*, No. 2:12-cv-21 (W.D. Mich. Feb. 6, 2012); *Gresham v. Napel et al.*, No. 2:11-cv-520 (W.D.

Mich. Feb. 6, 2012); *Gresham v. LaChance et al.*, No. 2:11-cv-231 (W.D. Mich. June 24, 2011); *Dennis et al v. Canlis et al.*, No. 2:11-cv-186 (W.D. Mich. June 6, 2011).

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury. Indeed, despite the length of his complaint, Plaintiff's claims appear to arise out of all of the alleged harms he has experience for more than four years and amount to little more than a series of sometimes irrational "demands," including the following: immediate exoneration; expungement of his criminal record; revival of all of his past actions in this Court; reform of the prisons of the United States; permission to father 20 to 50 children; and removal of multiple judges of this Court. Because Plaintiff's allegations do not meet the imminent-danger exception, he is not entitled to proceed *in forma pauperis*.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff therefore must pay the entire civil action filing fee, which is $400.00. Plaintiff will continue to be responsible for payment of the $400.00 filing fee, notwithstanding the dismissal of his complaint.

## II.   Failure to Comply with Court Order

As is apparent from the preceding recitation of Plaintiff's prior meritless actions and his failures to comply with the Federal Rules of Civil Procedure and the orders of this Court, Judge Neff reasonably concluded that Plaintiff should be placed under filing restrictions in this Court. *See Gresham v. Washington et al.*, No. 1:16-cv-1067 (W.D. Mich. Jan. 6, 2016) (1:16cv1067, ECF Nos. 8, 10, PagID.152-155, 158). As indicated above, those restrictions barred Plaintiff from filing any complaint that

(1) raised claims arising out of more than one transaction; (2) joined claims with any other Plaintiff; or (3) exceeded ten pages in length.

Here, Plaintiff has filed a complaint that adverts to incidents that occurred between 2012 and 2016, violating the first restriction.  He has joined 18 other Plaintiff's in this single action, thereby violating the second restriction.  And his rambling complaint comprises 134 pages of allegations interspersed with tangentially related documents.  Plaintiff has not only flaunted the Court's order, he has done so using inflammatory and abusive language about the judges of this Court.  (*See, e.g.* Compl., ECF No. 1, PageID.20.)  The Court therefore will enforce Judge Neff's filing restrictions and dismiss Plaintiff's claims.

III.   Misjoinder

Plaintiff Gresham filed his complaint with 18 other Plaintiffs:  Charles Johnson, Dabon Reed, Eric Lance Wilson, Jonathon Julius Ellison, Manuel Asenico, Tyler James Cochrane, Leonard William Bailey, Victor Johnson, Huston Eric Owens, Robert Davonne Ishmael, Corielle Johnson, Toran V. Peterson, Timothy Crane, Latron Robert Bell, Michael Thompson, Levin Devon Wilson, Gregory Petty, and Floyd Davis.  Plaintiffs collectively have sued many dozens of Defendants for conduct spanning more than four years.

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This does not mean, however, that parties should be given free reign to join multiple plaintiffs and multiple defendants into a single lawsuit when the claims are unrelated.  *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir.

2007); *Coughlin v. Rogers*, 130 F.3d 1248, 1350 (9th Cir. 1997); *Proctor v. Applegate*, 661 F. Supp.

2d 743, 778 (E.D. Mich. 2009) (adopting magistrate judge's report). This is particularly true when

prisoners seek to join multiple plaintiffs in a single lawsuit because the circumstances of confinement are not

compatible with such litigation. *See Boretsky v. Corzine*, No. 08–2265, 2008 WL 2512916, at *5

(D.N.J. June 23, 2008) (collecting cases and noting difficulties such as the "need for each plaintiff to sign

every pleading, and the consequent possibilities that documents may be changed as they are circulated, or

that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation").

Additionally, prisoners seeking to bring civil rights actions challenging the conditions of their confinement

have individual and specific hurdles to overcome, such as venue, stating a valid claim for relief,

demonstrating exhaustion of administrative remedies, and complying with the applicable statute of

limitations, which makes multi-party litigation difficult. *See Proctor*, 661 F. Supp. 2d at 756; *Fisher v.

Taylor*, No. 10–3991(RBK), 2010 WL 3259821, at *3 (D.N.J. Aug. 17, 2010) (stating that joinder may

not be appropriate where a separate determination is required to determine whether plaintiffs have

complied with the exhaustion requirement and citing cases). Furthermore, prisoners should not be allowed

to proceed with multiple-plaintiff litigation on unrelated claims in order to circumvent the filing fee

requirements for federal civil actions or the PLRA's three strikes provision. *See, e.g., George v. Smith*,

507 F.3d 605, 607 (7th Cir. 2007); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998).

   FED. R. CIV. P. 18 governs the joinder of claims and FED. R. CIV. P. 20 governs the

permissive joinder of parties.[1] Rule 18(a) provides as follows: "A party asserting a claim . . . may join,

---

[1]Federal Rule of Civil Procedure 19 concerns the required joinder of parties and is inapplicable to this case. *See* FED. R. CIV. P. 19.

as independent or alternative claims, as many claims as it has against an opposing party." Rule 20(a)(1) addresses when multiple plaintiffs may bring a joint action: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." When multiple parties are named, the analysis under Rule 20 precedes that under Rule 18. *See, e.g., Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009). Thus, when joining multiple plaintiffs in a single action, the two-part test of Rule 20(a)(1) must be met.

Here, all of the 18 additional Plaintiffs have failed to meet the two-part test of Rule 20(a) for the joinder of multiple plaintiffs in Plaintiff Gresham's complaint. While the additional Plaintiffs are purportedly witnesses to incidents involving Plaintiff Gresham, their claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Instead, such claims are personal to them and involve distinct factual scenarios even though the applicable legal standards may, on occasion, be the same. *See Proctor*, 661 F. Supp. 2d at 779 (finding claims factually unrelated even though plaintiffs alleged that defendants subjected them to the same or similar treatment); *Catanzaro v. Mich. Dep't of Corr.*, No. 08–11173, 2009 WL 4250027, *13 (E.D. Mich. Nov. 19, 2009) (adopting magistrate judge's report finding that plaintiffs were mis-joined where they raised different claims and their retaliation claims had different factual predicates); *Harris v. Spellman*, 150 F.R.D. 130, 132 (N.D. Ill.1993) (similar procedural errors did not convert independent prison disciplinary hearings into same transaction or occurrence). Indeed, not only are the additional Plaintiff's claims independent of Plaintiff Gresham's claims, they are independent of one another's claims. Under these circumstances, joinder of multiple plaintiffs in

this one civil rights action is inappropriate. The Court therefore will dismiss all Plaintiff's other than Plaintiff Gresham without prejudice for improper joinder.

## Conclusion

For the foregoing reasons, the Court determines that Plaintiff Gresham is not entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) and that he is responsible for the entire $400.00 civil action filing fee. In addition, Plaintiff Gresham's action will be dismissed for failure to comply with Judge Neff's January 6, 2016 order in Case No. 1:15-cv-1067, in accordance with that order and FED. R. CIV. P. 41(b). Further, the Court will dismiss the claims of the remaining Plaintiffs for improper joinder.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the entire $505.00 appellate filing fee, because Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). Plaintiff Gresham will be required to pay the $505.00 appellate filing fee in one lump sum.

An Order and Judgment consistent with this Opinion will be entered.

Dated:  January 4, 2017                       /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**